Stephanie GOOD, Lori A. Spellman, and Allain L. Thibodeau, individually and on behalf of all others similarly situated, Plaintiff,

v.

ALTRIA GROUP, INC. and Philip Morris USA, Inc., Defendants.

No. CV–05–127–B–W.

United States District Court, D. Maine.

Oct. 28, 2005.

Mark C. Rossman, Mantese and Associates, P.C., Troy, MI, Samuel W. Lanham, Jr., Cuddy & Lanham, Bangor, ME, for Plaintiffs.

David C. King, Rudman & Winchell, Bangor, ME, H. Peter Del Bianco, Jr., Lambert, Coffin, Portland, ME, Kenneth J. Parsigian, Goodwin Proctor LLP, Boston, MA, Teresa M. Cloutier, Lambert, Coffin, Portland, ME, for Defendants.

## ORDER ON DEFENDANTS' MOTION TO STAY

WOODCOCK, District Judge.

This Court grants Defendants' Motion to Stay pending resolution of the Defendants' Motion for Summary Judgment. On August 12, 2005, Plaintiffs filed a cause of action against Altria Group and Philip Morris USA, Inc., alleging that the Defendants induced them as a class to smoke light cigarettes and as a consequence they suffered ill effects and sustained damage. *Compl.* (Docket # 1). On September 21, 2005, Plaintiffs filed an Amended Complaint, *Am. Compl.* (Docket # 12), and a motion to certify class. *Mot. to Certify Class* (Docket # 10)(*Mot. to Certify*). On October 3, Defendants answered the amended complaint and Defendant Philip Morris filed a motion for summary judgment, *Answers* (Docket # 18, 19); *Mot. for Summ. J.* (Docket # 20), and on October 6, 2005, the Defendants filed a joint motion to stay. *Joint Mot. to Stay* (Docket # 23). On October 12, 2005, Plaintiffs objected to the joint motion to stay. *Pls.' Resp. to Mot. to Stay* (Docket # 27).

The bases of Defendants' motion are threefold: (1) the pending motion for summary judgment may be dispositive and therefore, the Court should not require the parties to engage in extensive discovery until it is resolved; (2) the pending motion for class certification will separately require extensive discovery, which will prove expensive, time consuming, and if the motion for summary judgment is granted, wasteful; and, (3) this District has granted stays in similar circumstances. *Joint Mot. to Stay* at 2–4. In turn, the Plaintiffs decry the Defendants' motion, arguing vehemently: (1) that the Defendants motion is part of a strategy of needless delay; (2) that the Defendants' motion for summary judgment raises meritless and easily resolved legal issues; and, (3) that class certification

as well is straightforward and simple.[1]

 Rule 23(c)(1)(A) provides that when a person sues as a representative of a class, the court must "at an early practicable time" determine by order whether to certify the action as a class action.[2] Fed.R.Civ.P. 23(c)(1)(A). In 2003, Rule 23(c)(1)(A) was changed from "as soon as practicable" to "at an early practicable time", because district courts were often ruling on dispositive motions before class certification. *See* Fed. R.Civ.P. 23 advisory committee's note (2003)("The 'as soon as practicable' exaction neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision."). It is now "well settled that, absent prejudice to the plaintiff, a court may decide a defendant's motion for summary judgment in a putative class action before taking up the issue of class certification." *Evans v. Taco Bell Corp.*, No. 04–CV–103–JD, 2005 WL 2333841 at *4 n. 6, 2005 U.S. Dist. LEXIS 20997 at *11 n. 6 (D.N.H. September 23, 2005); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C.Cir.2001)("a question of discretion for the trial court"); *Ramirez v. De-Coster*, 194 F.R.D. 348, 355 (D.Me.2000); *Lawson v. Fleet Bank*, 807 F.Supp. 136, 138 n. 1 (D.Me.1992). Judicial economy and an absence of demonstrable prejudice to the Plaintiffs or putative class members encourage this Court to grant the motion to stay. Further, if, as Plaintiffs argue, the pending motion for summary judgment is a simple matter and easily ruled on, a temporary stay of other proceedings will be only momentary.[3] If the motion is granted, the stay will have saved time and expense. If not, the stay will have been only for the time necessary to rule on the motion.

This Court GRANTS the Defendants' Motion to Stay. This Court stays all matters other than those directed toward the pending motion for summary judgment until this Court rules on the potentially dispositive motion.

SO ORDERED.

---

**1.** This Court cautions the parties about hyperbole. Plaintiffs' Response begins: "Defendants' endeavor to stay this litigation for an indefinite period of time is an improper tactical maneuver designed to slow this case down, thwart discovery into their well-documented illegal conduct, and stave off the certification of the class for as long as possible." It continues by alleging the Defendants engaged in "cigarette frauds", that the motion for summary judgment is "baseless", that the Defendants' motives are "disingenuous", and that their motion is "misleading", and "preposterous". *Pls.' Resp. to Mot. to Stay* at 1, 3–4. Provoked by Plaintiffs, the Defendant Philip Morris began to respond in kind. *Def.'s Reply In Support of Def.'s Mot. to Stay Proceedings* at 1 (Docket #34)(plaintiffs "disingenuously accuse"). Far from having the desired emotive impact, the use of over-the-top adjectives only gives pause as to why the parties have resorted to epithets in place of reason. This Court will address issues of law on their merits, not on the parties' attempts to characterize (or mischaracterize) each other and counsel.

**2.** On February 18, 2005, the "Class Action Fairness Act of 2005" became effective. *See* Pub.L. No. 109–2, 119 Stat. 4. Although its provisions apply to this cause of action, *see* § 9, the Act does not affect the resolution of this motion.

**3.** The length of time will depend in part on how long the parties take to brief the issues. The Plaintiffs' response to this motion was due on October 24, 2005, but on October 14, 2005, the Plaintiffs moved for an additional two weeks. (Docket #30). This Court granted the motion on October 17, 2005. (Docket #31).